UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN STEWART,

        Plaintiff,

v.

        Case Number 07-13675-BC
        Honorable Thomas L. Ludington

GEOSTAR CORP.,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On August 30, 2007, Plaintiff Jonathan Stewart filed suit here against Defendant Geostar Corporation, requesting a declaratory judgment and an order directing Defendant to produce its records. On May 8, 2007, he filed a nearly identical action in state court, which was dismissed. Now pending before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2).

I.

In his complaint, of August 30, 2007, Plaintiff states that he is a citizen of Texas and that Defendant is a Delaware corporation with principal place of business in Michigan. He alleges that he owns 300,000 shares of Defendant[1] but that Defendant denies that fact. For this reason, he

---

[1]Plaintiff attaches to his complaint a copy of a stock certificate for 300,000 shares of Defendant and a letter from Defendant's secretary, John Parrott, dated January 30, 1998, that refers

requests a declaratory judgment as to his relationship to Defendant and for the Court to compel Defendant to produce its records for inspection under Mich. Comp. Laws § 450.1487.

Previously, on May 8, 2007, Plaintiff filed a nearly identical complaint in the Circuit Court for the County of Isabella. On August 10, 2007, Judge James Brookover issued an order granting Defendant's motion for summary disposition and denying Plaintiff's counter-motion for summary disposition. The entirety of the order, with hand-written additions identified by italics, is below:

> This matter having come before the Court on Defendant's Motion for Summary Disposition [p]ursuant to [Mich. Ct. R.] 2.116(C)(8), and Plaintiff having filed a response with a counter-motion for summary disposition pursuant to [Mich. Ct. R.] 2.116(I)(2); [t]he Court having heard oral argument on the parties' motions; *and for the reasons stated on the record;*
> IT IS HEREBY ORDERED AND ADJUDGED THAT Defendant's Motion for Summary Disposition [p]ursuant to [Mich. Ct. R.] 2.116(C)(8) is GRANTED *for lack of subject matter jurisdiction* and that Plaintiff's complaint is dismissed in its entirety, with prejudice.
> IT IS FURTHER ORDERED THAT Plaintiff's counter-motion for summary disposition pursuant to [Mich. Ct. R.] 2.116(I)(2) is DENIED.
> SO ORDERED.

07-5802-CB, *Stewart v. Geostar Corp.* (Circuit Court for the County of Isabella, Aug. 10, 2007); Dft. Br., Ex. C [dkt #4-5].[2] The order reflects the signatures of counsel under the notation, "Approved as to form."

At the hearing on that same date, the Circuit Court was persuaded by Defendant's argument that a Michigan state court lacked subject matter jurisdiction over a shareholder dispute between a Texas citizen and a Delaware corporation. The Circuit Court stated that corporate structures,

---

to Plaintiff as a shareholder.

[2]Mich. Ct. R 2.116(C)(8) provides for dismissal based on failure to state a claim on which relief can be granted; Mich. Ct. R. 2.116(C)(4) provides for dismissal for lack of subject matter jurisdiction.

including the relationship between a shareholder and a corporation, are governed by the law of only one state. The Circuit Court further stated that the Michigan Business Corporation Act (BCA), Mich. Comp. Laws §§ 450.1101 *et seq.*, distinguishes between corporations formed in Michigan and foreign corporations, although some sections of the BCA refer to "domestic" and "foreign" corporations. Despite the fact that the decision in *Wojtczak v. American United Life Ins. Co.*, 292 N.W. 364 (Mich. 1940), predates the enactment of the BCA, the Circuit Court relied on that decision, which endorsed the internal affairs doctrine and refused to enjoin a foreign corporation from performing a contract. Informed by that decision, the Circuit Court refused to enforce Michigan law against a foreign corporation and dismissed the case with prejudice.

According to Defendant's brief, Plaintiff did not appeal the Circuit Court decision, and Plaintiff has not filed his claim in a Delaware court. Defendant has filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) & 12(b)(6). Defendant seeks dismissal based on the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel, as well as under the internal affairs doctrine.

II.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 327 (6th Cir. 2007) (citations and internal quotations omitted); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Under Federal Rule of Civil Procedure 12(b)(6), a party may also seek dismissal for "failure to state a claim upon which relief can be granted." "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

### III.

### A.

Deriving its name from the cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923),[3] and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1982),[4] the *Rooker-Feldman* doctrine prevents a federal district court from exercising jurisdiction when "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *ExxonMobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 291 (2005). Properly invoked concurrent jurisdiction in both federal and state courts does not necessarily force a federal court to relinquish jurisdiction

---

[3] In *Rooker*, 263 U.S. at 415, the Supreme Court refused to allow a federal district court to sit in review of a state court decision that involving the contracts clause of the federal constitution, even if decided incorrectly. Only the Supreme Court had appellate jurisdiction over state court decisions.

[4] In *Feldman*, 460 U.S. at 476, when considering bar applicants' objections to constraints on their ability to sit for the D.C. bar, the Supreme Court reiterated that a federal district court could not review challenges to a state court's application of federal law.

if a state court reaches judgment first. *Id.* at 292. In *ExxonMobil*, the Court permitted a federal district court to hear a case, even though a state court had already ruled on similar claims involving the same parties. *See id.* "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* at 293 (quoting *GASH Associates v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993).

Along similar lines, the Sixth Circuit has held:

> Appellate review – the type of judicial action barred by *Rooker-Feldman* - consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law. When, in contrast, the second court tries a matter anew and reaches a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court), it is not conducting appellate review, regardless of whether compliance with the second judgment would make it impossible to comply with the first judgment. In this latter situation the conflict between the two judgments is to be resolved under preclusion doctrine, not *Rooker-Feldman*.

*Coles v. Granville*, 448 F.3d 853, 858-859 (6th Cir. 2006) (citing *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006). "Assertions of injury that do not implicate state-court judgments are beyond the purview of the *Rooker-Feldman* doctrine." *Powers v. Hamilton County Public Defender Comm'n*, 501 F.3d 592, 606 (6th Cir. 2007) (citations omitted).

Here, the peculiar circumstance of the Circuit Court's order dismissing Plaintiff's complaint *with prejudice* but for *lack of subject matter jurisdiction* in a court of general jurisdiction (while citing to a court rule dismissing for failure to state a claim) creates an interesting issue. Generally, when a court of general subject matter jurisdiction concludes that it lacks subject matter jurisdiction,

the nature of that conclusion forecloses the court from reaching any determination on the merits. Indeed, "a dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits for preclusive purposes." *Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (citations and internal quotations omitted).

Notwithstanding this atypical wrinkle, the Sixth Circuit's statement in *Coles*, 448 F.3d at 859, applies here: A "second court [can try] a matter anew and reach[] a conclusion contrary to a judgment by the first court, without concerning itself with the bona fides of the prior judgment (which may or may not have been a lawful judgment under the evidence and argument presented to the first court) . . . ." In this circumstance, this Court, which is the second court, is not reviewing the earlier judgment, even if the disposition in this Court here later results in mutually exclusive judgments. *See id.* Again recalling the Sixth Circuit's guidance, when this situation occurs, "the conflict between the two judgments is to be resolved under preclusion doctrine, not *Rooker-Feldman*." *Id.* Because nothing in Plaintiff's complaint implicates the earlier Circuit Court ruling, apart from the possibility of a conflicting adjudication, this case is beyond the purview of the *Rooker-Feldman* doctrine. Accordingly, the effect of the earlier state court decision must be addressed under principles of res judicata and collateral estoppel.

B.

To establish that res judicata bars a party from relitigation a prior legal determination, Michigan law requires a demonstration of the following elements: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Washington v. Sinai Estate of Greater Detroit*, 733 N.W.2d 755, 759 (Mich. 2007) (citations and internal quotations omitted). The parties

here are the same parties as in the Circuit Court proceeding, and the claims asserted here are undoubtedly the same claims. As to whether the prior action was decided on the merits, the language of the Circuit Court order creates some difficulty.

As noted above, the dismissal order uses the phrase "with prejudice," while simultaneously ruling that the Circuit Court lacked subject matter jurisdiction. Also, Defendant construes that court's decision as providing that the BCA does not apply to Plaintiff's case. Respectfully differing on that point, this Court would characterize the Circuit Court's decision in an alternate manner. The Circuit Court concluded only that it lacked subject matter jurisdiction. It relied on the Michigan Supreme Court's decision in 1940 in *Wojtczak*, which predates the enactment of the BCA by 33 years, to reach that conclusion. In describing its analysis, the Circuit Court discussed provisions of the BCA, but it did not rule, as a matter of law, that the BCA did not apply to Plaintiff's requests for relief. What remains, then, is the unusual argument that a state court's determination as to its own subject matter jurisdiction binds this Court's determination of its own jurisdiction, under the doctrine of res judicata.

A federal court, as a court of limited jurisdiction, always remains under an obligation to independently police its jurisdiction. *Douglas v. E.G. Baldwin & Associates, Inc.*, 150 F.3d 604, 607 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transport, Inc.*, 452 F.3d 543 (6th Cir. 2006) ("[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction.") (citation omitted). Defendant, however, cites to a footnote that appears to suggest that a prior determination of subject matter jurisdiction may not later be challenged by way of collateral attack. *See American Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 504, 539 n.1 (6th Cir. 2007). Tracing that authority to its source, however, leads to a straightforward

statement about res judicata and jurisdiction, based on the assumption that a *federal court* has previously passed on jurisdiction: "After a federal court has decided the question of the jurisdiction over the parties as a contested issue, the court in which the plea of *res judicata* is made has not the power to inquire again into that jurisdictional fact." *Stoll v. Gottlieb*, 306 U.S. 165, 172 (1938) (footnote omitted). Consequently, the suggestion that a previous state court determination regarding jurisdiction governs this Court has little legal basis, and the Court will deny Defendant's motion to dismiss, to the extent it relies on res judicata.

C.

To establish that collateral estoppel bars a party from relitigating a prior factual determination, Michigan law requires a showing of the following elements: (1) "a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment;" (2) the parties had a full and fair opportunity to litigate the issue; and (3) the party to be estopped must be bound by the earlier adjudication, either as a party or by being in privity with a party to the earlier litigation. *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-846 (Mich. 2004).

Here, the prior adjudication involved no issue of fact. The Circuit Court determined that, as a matter of law, it lacked subject matter jurisdiction. Accordingly, a doctrine that applies to factual findings that bind the parties in subsequent litigation has no bearing here. The Court will deny Defendant's motion to dismiss, to the extent it relies on collateral estoppel.

D.

The internal affairs doctrine is a choice of law principle that the law of the state of incorporation generally governs issues pertinent to a corporation's internal affairs. *See First National City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983) (citing

Restatement 2d of Conflict of Laws § 302 (1971)); *Atherton v. Federal Deposit Insurance Corp.*, 519 U.S. 213, 223-224 (1997). Apart from references to other states' law on the issue, Defendant also cites to *Edgar v. Mite*, 457 U.S. 624, 645 (1982), which defined the doctrine as follows:

> The internal affairs doctrine is a *conflict of laws principle* which recognizes that only one State should have the authority to regulate a corporation's internal affairs – matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders – because otherwise a corporation could be faced with conflicting demands.

(Citing Restatement 2d of Conflict of Laws § 302 cmt. b (1971)) (emphasis added).

Presumably guided by *Wojtczak*, Defendant proceeds to argue as if the internal affairs doctrine operates to limit subject matter jurisdiction. In *Wojtczak*, the Michigan Supreme Court affirmed a lower court's refusal to exercise jurisdiction over an attempt to enjoin the performance of a contract, which the court concluded was an internal affair of a foreign corporation. Thus, the reference to "internal affairs" in *Wojtczak* captures a slightly different concept than that referred to in decisions from the United States Supreme Court. Regardless of whether *Wojtzcak* is still good law in Michigan and regardless of whether its discussion of the internal affairs doctrine comports with the doctrine's broader usage as a choice of law principle, the guiding principles for federal subject matter jurisdiction do not derive from a state court decision from 1940. Although federal courts do apply state law in certain circumstances, under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), issues regarding subject matter jurisdiction do not lie within one of those areas. The internal affairs doctrine, i.e., the choice of law principle, does not operate to limit this Court's jurisdiction, so the Court will deny Defendant's motion to dismiss, to the extent Defendant relies on that doctrine.

Additionally, in the final pages of its brief, Defendant does state that Plaintiff's complaint

does not meet the requirements of Delaware law. Although the Court might agree with Defendant's contention that Delaware law, under the choice of law principle regarding the internal affairs of a corporation, governs, Defendant nowhere discusses Delaware law or how that law would apply to Plaintiff's allegations. In fact, Defendant's argument about Delaware is limited to the caption on this section of its brief. The actual discussion in this section, instead, reiterates points from Defendant's earlier arguments without delivering on the promise of the section heading. Absent any argument on the point, Defendant has not demonstrated that Plaintiff has failed to state a claim on which relief can be granted.

IV.

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [dkt #4] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 19, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 19, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---