UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN STEWART,

        Plaintiff,

                                        Case Number 07-13675-BC

v.                                     Honorable Thomas L. Ludington

GEOSTAR CORP.,

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION TO DISMISS, DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COUNT II, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, GRANTING DEFENDANT'S MOTION FOR STAY, AND STAYING DISCOVERY

On August 30, 2007, Plaintiff Jonathan Stewart filed suit against Defendant Geostar Corporation, requesting a declaratory judgment regarding his alleged ownership of shares of Defendant (count I) and an order directing Defendant to produce its records and permit inspection of them (count II). On December 19, 2007, this Court denied Plaintiff's first motion to dismiss.

On February 4, 2008, he filed another motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), as well as for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to count II. On February 8, 2008, he filed a motion to stay discovery pending resolution of his second motion to dismiss.

I.

Plaintiff states that he is a citizen of Texas and that Defendant is a Delaware corporation with principal place of business in Michigan. In his complaint, he alleges that he owns 300,000 shares

of Defendant[1] but that Defendant denies that fact.  He asserts without further explanation that the amount in controversy exceeds $75,000.  Because Defendant denies that he is a shareholder, he requests a declaratory judgment as to his relationship to Defendant and for the Court to compel Defendant to produce its records for inspection under the Business Corporation Act (BCA), Mich. Comp. Laws §§ 450.1101, *et seq*.

Now pending before the Court is Defendant's second motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff has not sufficiently plead the amount in controversy so as to establish diversity jurisdiction.  Defendant further argues for the dismissal of Plaintiff's second count, which requests production and inspection of Defendant's corporate records, based on his failure to comply with Delaware law.  Also pending before the Court is Defendant's motion for stay of discovery pending disposition of its motion to dismiss.

At oral argument, Plaintiff requested that the Court grant him leave to amend, in the event that the Court granted Defendant's motion to dismiss and for judgment on the pleadings.

II.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden

---

[1] Plaintiff attaches to his complaint a copy of a stock certificate for 300,000 shares of Defendant and a letter from Defendant's secretary, John Parrott, dated January 30, 1998, that refers to Plaintiff as a shareholder.

of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 327 (6th Cir. 2007) (citations and internal quotations omitted); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

Generally, according to Federal Rule of Civil Procedure 12(g)(2), a party may not make an additional motion under Rule 12 based on an objection available previously but omitted from the earlier motion. Indeed, some defenses are waived if not raised, but a lack of subject matter jurisdiction is not among those waived. Fed. R. Civ. P. 12(h)(1). Notably, Federal Rule of Civil Procedure 12(h)(3) requires a court to dismiss an action at any time if it lacks subject matter jurisdiction.

Federal Rule of Civil Procedure 12(c) permits a judgment on the pleadings. A court must consider all factual allegations in the complaint as true. *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.3d 1233, 1235 (6th Cir. 1991) (citation omitted). "The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* (citation omitted).

III.

A.

For the reasons stated above in Section II regarding the standard of review, Defendant may bring this additional motion to dismiss, because it challenges subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring a court to dismiss for lack of subject matter jurisdiction at any point in the proceedings).

In addition to requiring complete diversity between opposing parties, federal jurisdiction pursuant to 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000. "'In actions

seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cincinnati Ins. Co. v. Zen Design Group, Ltd.*, 329 F.3d 546, 549 (6th Cir. 2003) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In that case, the court still exercised jurisdiction, even though the plaintiff had not asserted the necessary amount. The court concluded that the value of the object of that litigation – either legal representation for the defendant in a separate proceeding, pursuant to an insurance policy, or a declaration that the plaintiff had no duty to do so – surpassed $100,000.

"A court must not dismiss an action for failure to meet the amount in controversy requirement unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Basicomputer Corp. v. Scott*, 973 F.2d 207, 610 (6th Cir. 1992) (quoting *St. Paul Mercury Indemnity Ins. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) (requiring only a probability, not a certainty, for jurisdiction) (citation omitted). If it appears that the plaintiff claims the amount in controversy in good faith, then that sum controls. *St. Paul Mercury*, 303 U.S. at 288; *see also Schultz v. General R.V. Center*, 512 F.3d 754, 756 (6th Cir. 2008) (reiterating the principles of *St. Paul Mercury*) (citations omitted).[2]

Defendant's contention that Plaintiff's assertion regarding the amount in controversy is unduly speculative misapprehends the "legal certainty" test noted above. Defendant offers no basis to conclude that Plaintiff's claim is offered in bad faith. Nor does Defendant offer any rationale for reaching a *legal certainty* that the amount in controversy is $75,000. While Plaintiff's allegation

---

[2]Further, the plaintiff's subsequent inability to recover that amount does not show bad faith or destroy jurisdiction. *St. Paul Mercury*, 303 U.S. at 289.

in the complaint is conclusory, in that he provides no further explication for it, he does assert that the matter at issue is 300,000 shares of Defendant.

In its brief, Defendant first acknowledges the legal principle that the value of the object of litigation sets the amount in controversy when the relief sought is equitable. Yet Defendant later argues that a request for declaratory judgment or production and inspection of corporate records are items too uncertain to valuate and, so, Plaintiff's jurisdictional assertion is inherently speculative. In so arguing, Defendant disregards the governing law and invites the Court to construe Plaintiff's requests for declaratory judgment regarding share ownership and inspection of corporate records as the objects of litigation, rather than the unencumbered ownership of shares of Defendant. Defendant offers no legal basis for this narrow characterization, and the decision in *Cincinnati Ins. Co.* shows that the value of the item to be resolved via declaratory judgment is the basis for determining the amount in controversy. Thus, the amount at issue here is the value of 300,000 shares of Defendant as of the date of the filing of the complaint.

Plaintiff's complaint does not articulate a basis for assessing the value of those shares and does not describe Defendant's structure. In his response brief, he invites the Court to review the value of a particular holding of Defendant: 15,767,524 shares of Gastar Exploration Limited, which was publicly traded at $1.67 per share on August 30, 2007, the date of the filing of Plaintiff's complaint. Plaintiff further asserts that Defendant has a total of 10 million authorized shares, such that he has a 3% ownership interest in a holding worth approximately $26.3 million, or an amount in controversy of $789,952.95. While these figures noticeably do not account for other assets or liabilities of Defendant or for shares of Defendant not issued and outstanding (which Plaintiff acknowledges), they do provide a basis for concluding that the amount in controversy exceeds

$75,000. More importantly, Defendant has provided no rationale for concluding – to a legal certainty – that the amount in controversy is $75,000 or less, notwithstanding the fact that Defendant, as the entity comprised of the shares at issue, is uniquely able to provide precisely that information.

Accordingly, the Court will not dismiss for lack of subject matter jurisdiction, because there is no "legal certainty" that the amount in controversy does not exceed $75,000, as alleged by Plaintiff in good faith. Defendant, not Plaintiff, bears the burden to show the insufficiency of the amount in controversy to a legal certainty.

B.

Under *Erie R. v. Tompkins*, 304 U.S. 64 (1938), a federal district court sitting in diversity applies the conflict of laws rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941); *Muncie Power Products, Inc. v. United Technologies Automotive, Inc.*, 328 F.3d 870, 873 (6th Cir. 2003). Thus, the controlling conflict of laws principles here are those employed by Michigan.

Michigan's conflict of laws rule states that Michigan law applies "unless a 'rational reason' to do otherwise exists." *Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). To determine whether to displace Michigan law, a court must consider whether a foreign state has an interest in the application of its law and, if so, whether Michigan's interests mandate that Michigan's law applies, despite the interests of the foreign state. *Id*. (citing *Olmstead v. Anderson*, 400 N.W.2d 292, 301 (Mich. 1987)). "If no state has . . . an interest [in the application of its law], the presumption that Michigan law will apply cannot be overcome." *Id*. Factors to be considered in assessing whether Michigan's interests have priority over the interests of a foreign state include

considerations of promoting certainty, predictability of results, ease of application, and preventing forum shopping. *See Olmstead*, 400 N.W.2d at 302.

Here, a rational reason exists to apply the law of another state, Delaware. Defendant is incorporated under the law of that state. Plaintiff's requests for declaratory judgment as to ownership of shares in Defendant and for a production and inspection of its corporate records directly implicate Defendant's corporate structure, the existence of which is governed by Delaware law. *See McDermott, Inc. v. Lewis*, 531 A.2d 206, 214-218 (Del. 1987) (describing Delaware's significant interest in the application of its law to the internal affairs of corporations incorporated there). This conclusion comports with the internal affairs doctrine, which is a choice of law principle that the law of the state of incorporation generally governs issues pertinent to a corporation's internal affairs. *See First National City Bank v. Banco Para el Comercio Exterior de Cuba*, 462 U.S. 611, 621 (1983) (citing Restatement 2d of Conflict of Laws § 302 (1971)); *Atherton v. Federal Deposit Insurance Corp.*, 519 U.S. 213, 223-224 (1997); *Wojtczak v. American United Life Ins. Co.*, 292 N.W. 364, 366 (Mich. 1940).

In assessing whether Michigan's interests take priority over Delaware's interests, the concern to promoting certainty and predictability of results and to facilitate ease of application would be served as well as by applying Delaware law, if not better, due to the robust development of Delaware law regarding corporate governance. The existence of Michigan's own statute, the CBA, governing both domestic and foreign corporations, does not demonstrate a countervailing reason for overriding the interest in certainty and consistency in governing the internal affairs of a corporation. As a corporation incorporated under Delaware law, Defendant's actions that implicate corporate governance, such as determining who owns shares in it and producing its records for inspection, will

be governed by Delaware law, at least in Delaware. To permit the application of Michigan law to Plaintiff's particular claims would, in fact, promote inconsistency. Also, applying Michigan law here might arguably reward forum shopping, where Plaintiff is a citizen of Texas and Defendant a Delaware corporation. Consequently, Delaware law governs Plaintiff's claims.

Plaintiff's arguments, however, presume the application of Michigan law, and only Defendant addresses the argument that Defendant is entitled to judgment on the pleadings as to Plaintiff's request for inspection of corporate records, under Delaware law. Del. Code tit. 8, § 220(b), in relevant part, provides:

> Any stockholder, in person or by attorney or other agent, shall, upon written demand *under oath* stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose, and to make copies and extracts from:
> (1) The corporation's stock ledger, a list of its stockholders, and its other books and records; and
> (2) A subsidiary's books and records . . . .
> * * *
> In every instance where the stockholder is other than a record holder of stock in a stock corporation or a member of a nonstock corporation, the demand under oath shall state the person's status as a stockholder, be accompanied by documentary evidence of beneficial ownership of the stock, and state that such documentary evidence is a true and correct copy of what it purports to be. A proper purpose shall mean a purpose reasonably related to such person's interest as a stockholder. In every instance where an attorney or other agent shall be the person who seeks the right to inspection, the demand *under oath* shall be accompanied by a power of attorney or such other writing which authorizes the attorney or other agent to so act on behalf of the stockholder. . . .

(Emphasis added.) Although nowhere alleged in his complaint and so outside the scope of review on a motion for judgment on the pleadings, Plaintiff does provide letters (dated October 18, 2006 and November 22, 2006) to Defendant from his counsel seeking to review its books. Pl. Rs., Ex. 8 [dkt #16-9]. These letters do not include any statement under oath, and they do not include a power of attorney for Plaintiff's counsel to act on his behalf.

If a corporation refuses to permit a stockholder to inspect its books, then the stockholder may have recourse to the courts, under Del. Code tit. 8, § 220(c) which, in relevant part, provides:

> If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a stockholder or attorney or other agent acting for the stockholder pursuant to subsection (b) of this section or does not reply to the demand within 5 business days after the demand has been made, the stockholder may apply to the Court of Chancery for an order to compel such inspection. . . . Where the stockholder seeks to inspect the corporation's books and records, other than its stock ledger or list of stockholders, such stockholder shall first establish that:
> (1) Such stockholder is a stockholder;
> (2) Such stockholder *has complied with this section respecting the form and manner of making demand for inspection of such documents*; and
> (3) The inspection such stockholder seeks is for a proper purpose.
> Where the stockholder seeks to inspect the corporation's stock ledger or list of stockholders and establishes that such stockholder is a stockholder and *has complied with this section respecting the form and manner of making demand for inspection of such documents*, the burden of proof shall be upon the corporation to establish that the inspection such stockholder seeks is for an improper purpose. The Court may, in its discretion, prescribe any limitations or conditions with reference to the inspection, or award such other or further relief as the Court may deem just and proper. . . .

(Emphasis added.)

Notwithstanding the Delaware Code's authorization for a stockholder to seek a court's assistance if a corporation does not comply with a request, that authorization is limited by the condition that the stockholder must comply with the procedural requirements for the "form and manner of making demand for inspection of such documents." Because Plaintiff has provided no allegation that his request complied with these procedural requirements, i.e., issuing the demand under oath and with a power of attorney to his counsel, Plaintiff cannot prevail on his request for production and inspection of Defendant's corporate records. Accordingly, Defendant is entitled to judgment on the pleadings as to Plaintiff's count II, because he has not met the requirements of Delaware law, even considering all his allegations as true.

IV.

Accordingly, it is **ORDERED** that Defendant's second motion to dismiss [dkt #12] is **GRANTED IN PART** and **DENIED IN PART**. Count II of Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that Plaintiff's oral motion for leave to amend is **GRANTED**. Plaintiff shall file any amended complaint on or before **May 9, 2008**, else his complaint will be dismissed without prejudice.

It is further **ORDERED** that Defendant's motion to stay discovery pending disposition of its motion to dismiss [dkt #13] is **GRANTED**. Discovery is hereby **STAYED** until **June 5, 2008**, or until further order of the Court.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: April 24, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS