UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN STEWART,

        Plaintiff,

                                          Case Number 07-13675-BC
v.                                          Honorable Thomas L. Ludington

GEOSTAR CORPORATION,

        Defendant.
_____/

## ORDER DENYING REMAINDER OF PLAINTIFF'S RENEWED MOTION FOR SUMMARY JUDGMENT AND DIRECTING PLAINTIFF TO FILE A PROPOSED JUDGMENT

On May 9, 2008, Plaintiff Jonathan Stewart ("Plaintiff") filed an amended complaint against Defendant GeoStar Corporation ("Defendant" or "GeoStar"), requesting a declaratory judgment determining that he owns 300,000 shares of stock of Defendant (count I), and an order directing Defendant to produce and allow Plaintiff, as a shareholder, to inspect its corporate records (count II). On September 5, 2008, the Court granted in part Plaintiff's motion for summary judgment, determining that, as of October 1, 1997, Plaintiff owned 300,000 shares of Defendant. The Court found that it was unable to determine Plaintiff's present ownership circumstance because of the possible existence of events after October 1, 1997, that might affect GeoStar shareholders; thus, the Court authorized discovery on that issue.

On June 29, 2009, the Court granted in part Plaintiff's renewed motion for summary judgment. [Dkt. # 61]. In the renewed motion, Plaintiff emphasized that Defendant did not produce any documents to suggest that Plaintiff ever sold, transferred, or assigned his 300,000 shares of GeoStar stock since October 1, 1997. In response, Defendant conceded that it "has been unable to

find the information and documentary evidence it needs to defeat [Plaintiff's] claims at trial." Thus, Defendant only opposed Plaintiff's renewed motion for summary judgment to the extent that Plaintiff requested attorney fees under Delaware law.

In its order granting in part Plaintiff's renewed motion for summary judgment, the Court directed the parties to provide supplemental briefing on the issue of attorney fees because the parties had only asserted broad generalizations that did not provide the Court with sufficient information to determine whether an award of attorney fees is appropriate with regards to specific aspects of the litigation. Thus, the Court directed Plaintiff to specifically identify the attorney fees that he believes he is entitled to with a specific explanation of why he is entitled to attorney fees with respect to that aspect of the litigation. The Court also directed Defendant to provide a response.

On July 10, 2009, Plaintiff submitted a supplemental brief [Dkt. # 63] and on August 3, 2009, Defendant submitted a supplemental brief [Dkt. # 65]. Generally, the parties agree that, under Delaware law, attorney fees can only be awarded if Plaintiff proves by clear evidence that Defendant "engaged in bad faith conduct which unnecessarily prolonged or delayed the litigation or knowingly asserted frivolous claims." *Nagy v. Bistricer*, 770 A.2d 43, 65 (Del. Ch. 2000) (internal quotations omitted). *See also Weinberger v. UOP, Inc.*, 517 A.2d 653, 656 (Del. Ch. 1986) (noting that to award attorney fees, "there must be a showing of bad faith, conduct which was totally unjustified, or the like"); *In re Carver Bancorp, Inc.*, No. 17743-NC, 2000 WL 1336722, at *2 (Del. Ch. Aug. 28, 2000) (finding that subjective bad faith must be proved by the "more stringent 'clear evidence' standard of proof").

Plaintiff contends that Defendant has litigated this action in bad faith, largely because Defendant has relied on an unsubstantiated belief that Plaintiff released his claims to Geostar shares

through an agreement under which Defendant paid another individual $400,000 in cash, oil, and gas assets. Ultimately, Defendant concedes that the passage of time, a computer crash, and faded memories would likely prevent Defendant from defeating Plaintiff's claims at trial. Thus, at this juncture, Defendant has made the decision not to oppose Plaintiff's claims any further. It is not insignificant, however, that Defendant contends that it would be able to present witness testimony at trial to support this belief. *See* Dft. Supp. Br. Ex. B. (Decl. of Milton Evans, Esq.). Moreover, it is not apparent that Defendant's assertion is not credible, that the passage of time, a computer crash, and faded memories have impeded its investigation of its defense, given the possibility that the evidence sought by Defendant would have been up to ten years old as of Plaintiff's commencement of this action.

Although Defendant is no longer opposing Plaintiff's claims, Plaintiff contends that Defendant's prior "procedural maneuvers" have resulted in one year and nine months of unnecessary attorney's fees totaling $77,379.00. Plaintiff challenges the following actions taken by Defendant throughout this litigation: First, Defendant filed an answer to the complaint, denying that Plaintiff is a shareholder because his name does not appear on Defendant's stock ledger, despite the existence of a letter sent to Plaintiff, dated January 30, 1998, identifying Plaintiff as a stockholder and enclosing his stock certificate. Second, Defendant filed three motions to dismiss – two were denied and one was denied in part and granted in part. Third, Defendant opposed Plaintiff's motions to compel discovery – two were denied and one was denied in part and granted in part. Fourth, Defendant filed two motions to stay proceedings and discovery – one was granted, the other was denied.

Defendant contends that its challenges to Plaintiff's claims were not brought in bad faith, and emphasizes that some were successful. First, on December 19, 2007, the Court denied Defendant's first motion to dismiss [Dkt. # 4], finding that prior state court proceedings did not bar Plaintiff's claims through the operation of res judicata or collateral estoppel because the state court dismissed the case for lack of subject matter jurisdiction. *See* [Dkt. # 8]. The Court also rejected Defendant's argument that the internal affairs doctrine limited this Court's subject matter jurisdiction. *Id.* While Defendant's motion was unsuccessful, Defendant contends that it was brought in good faith, and emphasizes that Plaintiff has not produced any evidence to suggest otherwise.

Next, on April 24, 2008, the Court denied Defendant's second motion to dismiss [Dkt. # 12] because it found that Plaintiff had alleged a sufficient amount in controversy to invoke the Court's diversity jurisdiction. *See* [Dkt. # 23]. However, the Court granted Defendant's motion for judgment on the pleadings [Dkt. # 12] as to count II because, under Michigan choice of law principles, Delaware law applied, and Plaintiff's request to inspect corporate documents did not contain a statement under oath or power of attorney as required under Delaware law. *See* [Dkt. # 23]. The Court granted Plaintiff leave to amend the complaint, which he subsequently filed on May 9, 2008. The Court also granted Defendant's motion to stay discovery until June 5, 2008, and denied Plaintiff's motion to compel discovery. *See* [Dkt. # 23, 24].

Subsequently, Defendant filed a motion to dismiss the amended complaint [Dkt. # 26], and Plaintiff filed a motion for summary judgment [Dkt. # 28]. Defendant also filed a motion to stay proceedings pending a decision on Defendant's motion to dismiss [Dkt. # 32], which was denied by the Court. *See* [Dkt. # 34]. While the dispositive motions were pending, Defendant represents that

it offered to settle with Plaintiff for nearly all of the relief he sought, with the exception of attorney's fees.

On September 5, 2008, the Court denied Defendant's motion to dismiss, finding that Plaintiff had sufficiently plead the existence of a contract. [Dkt. # 40]. The Court also granted in part and denied in part Plaintiff's motion for summary judgment, finding that Plaintiff had become a Geostar shareholder in 1997 as a result of a merger, and that Defendant had not advanced any affirmative evidence to support the proposition that Plaintiff did not become a shareholder on the date of the merger. The Court also denied Defendant's Rule 56(f) request for further discovery, finding that most, if not all of the discovery sought by Defendant was within Defendant's control, and that the proposed discovery would not be material to Plaintiff's motion for summary judgment. Finally, the Court noted that Plaintiff was entitled to discovery to determine his present ownership circumstance, given the potential corporate changes that could have occurred over the years. While Plaintiff's motion for summary judgment was successful, Defendant contends that it opposed the motion in good faith, and emphasizes that Plaintiff has not produced any evidence to suggest that Defendant's arguments were frivolous or brought in bad faith.

Defendant also contends that Plaintiff has not advanced any evidence to suggest that it falsified a 2001 shareholder list, which includes a typed notation next to Plaintiff's name, providing, "(cancel per Thom 9-06-01)." Pl. Renewed Summ. J. Mtn Ex. 4; [Dkt. # 55-6]. Defendant emphasizes that Plaintiff has not suggested who would have retroactively falsified the document, when it would have been falsified, or why it would have been falsified. Defendant suggests that the notation may relate to the alleged agreement into which Plaintiff entered releasing any claims to

Geostar stock. In contrast, Plaintiff contends that because there is no explanation for the notation, it must have been falsified.

Based on the above, Plaintiff is not entitled to attorney's fees under Delaware law. Plaintiff has not advanced evidence to suggest that Defendant acted in bad faith. It is also not apparent that any of the factual or legal arguments advanced by Defendant were frivolous, even if not successful. Although Defendant concedes that it has not been able to locate any documentary evidence to support its belief that Plaintiff released any claims that he might have to Geostar stock, Plaintiff has not advanced any evidence that the belief is a "sham." Significantly, Plaintiff has not advanced any evidence to suggest that Defendant treated him as a shareholder, e.g., by sending him notices of shareholder meetings, any later than October 1998. Under these circumstances, the Court is unable to find that Defendant defended this action in bad faith, nor that any specific argument made by Defendant was made in faith.

Accordingly, it is **ORDERED** that the remainder of Plaintiff's renewed motion for summary judgment [Dkt. # 55] is **DENIED**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a proposed judgment on or before **November 20, 2009**.

                                                    s/Thomas L. Ludington  
                                                    THOMAS L. LUDINGTON  
                                                    United States District Judge

Dated: November 5, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 5, 2009.

                                      s/Tracy A. Jacobs  
                                      TRACY A. JACOBS